843 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Haywood WILLIAMS, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Haywood WILLIAMS, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Haywood WILLIAMS, Jr., Defendant-Appellant.
 Nos. 86-7422, 87-7030 and 87-7134.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 24, 1987.
Decided March 31, 1988.
 
 Haywood Williams, Jr., appellant pro se.
 Justin W. Williams, Assistant United States Attorney, for appellee in No. 86-7422 and No. 87-7134.
 Raymond Alvin Jackson, Office of United States Attorney, for appellee in No. 87-7030.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Haywood Williams, Jr., a federal inmate, was convicted in 1980 after a jury trial, of narcotics conspiracy, in violation of 21 U.S.C. Sec. 846 (Count 1); engaging in a continuing criminal enterprise, in violation of 21 U.S.C. Sec. 848 (Count 2); interstate travel in aid of narcotics distribution, in violation of 18 U.S.C. Sec. 1952(a)(3) (Counts 6, 7 and 8); and possession of heroin with intent to distribute and distribution of heroin, in violation of 21 U.S.C. Sec. 841(a)(1) (Counts 9 and 10). Williams was sentenced to concurrent terms of 15 years and life, respectively, on Counts 1 and 2, and to terms of 5 years, 5 years, 15 years, and 15 years, respectively, on the other counts, consecutive to each other and to the sentences imposed on Counts 1 and 2.
 
 
 2
 In his direct appeal Williams alleged (1) that he was denied his Sixth Amendment right to effective assistance of counsel; (2) that his decision to testify on his own behalf was made involuntarily and that his Fifth Amendment privilege against self-incrimination was therefore violated; (3) that the district court's denial of his motions for further mental examination and for appointment of an expert witness, additional counsel, and an independent investigator violated his due process rights and also his right to effective assistance of counsel; (4) that the district court erred in instructing the jury on specific intent; and (5) that the district court's remarks from the bench during Williams' testimony prejudiced his defense and denied him due process. Williams' convictions and sentences were affirmed on appeal. United States v. Williams, No. 80-5117 (4th Cir. June 30, 1981) (unpublished).
 
 
 3
 Williams subsequently filed a motion to correct an illegal sentence, pursuant to Rule 35(a), Federal Rules of Criminal Procedure. In that motion Williams alleged, among other things, that he was sentenced in violation of the double jeopardy clause. The Rule 35 motion was denied and this Court affirmed on the reasoning of the district court. United States v. Williams, No. 83-6639 (4th Cir. Oct. 4, 1984) (unpublished).
 
 
 4
 On June 3, 1986, Williams filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. In his motion Williams alleged that (1) cumulative convictions and sentences were unconstitutionally imposed in violation of the Double Jeopardy and Equal Protection Clauses of the Fifth Amendment; (2) the trial judge denied him a full and fair determination of this claim in a previous postconviction claim for relief, in that the trial judge failed to make adequate findings of fact and conclusions of law; (3) the trial judge's failure, in a previous postconviction action, to make adequate findings of fact and conclusions of law denied him meaningful appellate review; (4) his convictions on Counts 1, 2, 6, 7, and 8, and the consecutive sentences imposed on these convictions, violate double jeopardy because the government's theory of the case was based on the existence of a single agreement; and (5) his cumulative sentences are unconstitutional in violation of the Fifth Amendment because the trial judge had no authority to impose consecutive sentences and failed to exercise his discretion in not considering a lesser sentence.
 
 
 5
 While the Sec. 2255 motion was pending, Williams filed, on September 25, 1986, a motion to treat his Sec. 2255 motion as a motion to correct an illegal sentence pursuant to Rule 35(a), Fed.R.Crim.P.; alternatively, to voluntarily dismiss the Sec. 2255 motion without prejudice under Rule 41(a), Fed.R.Civ.P.; or, alternatively, for leave to dismiss the Sec. 2255 motion without prejudice. Attached to the motion was a copy of a letter received by Williams from the Kansas Defender Project of the University of Kansas School of Law. The letter suggested to Williams that he not proceed with his pending Sec. 2255 motion until such time as he was prepared to present all of the challenges to his convictions in one motion and not just the challenges that he was making in the pending Sec. 2255 motion to the manner in which the sentences were imposed. The letter noted that Williams had other potential claims to present, including challenges to his competency and sanity. Additionally, the letter pointed out to Williams that any future attempt to raise these additional claims would in all likelihood require him to withstand the affirmative defense of abuse of the writ which would probably be raised by the government on the grounds that Williams had not presented all of his claims in one motion to vacate. Finally, the letter informed Williams that he could not in good faith file a subsequent petition raising the potentially meritorious claims because he would have deliberately withheld them in the first Sec. 2255 motion. See Sanders v. United States, 373 U.S. 1 (1963); Rule 9(b), Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code.
 
 
 6
 On October 8, 1986, Williams filed a request for a copy of his presentence report. By order entered that same day, the district court denied the request for the presentence report. In the order the court indicated that Williams had been fully advised of and had the opportunity to review the presentence report prior to sentencing, that neither he nor his attorney objected to the report, and that the court had offered to grant Williams a continuance in order to present witnesses in his behalf. The appeal from the denial of this order is the subject of No. 86-7422.
 
 
 7
 On October 16, 1986, the district court, without ordering the government to respond to the motion to vacate, and without ruling on the September 25th motion for voluntary dismissal without prejudice, entered an order denying the Sec. 2255 motion. The district court found that, under United States v. Garrett, 471 U.S. 773 (1985), it had not improperly sentenced Williams under 21 U.S.C. Secs. 841 and 848 for both underlying substantive offenses and the continuing criminal enterprise offense, and dismissed the motion with prejudice.
 
 
 8
 On November 10, 1986, Williams filed a number of motions, including a motion pursuant to Rule 60(b), Fed.R.Civ.P., to reconsider the October 15, 1986, order, or alternatively a motion for leave to appeal in forma pauperis. In his motion Williams again pointed out that he had desired to have the action either dismissed without prejudice pursuant to Rule 41(a), Fed.R.Civ.P., or treated as a motion under Rule 35(a), Fed.R.Crim.P. Williams also filed motions to "reconsider disqualification of Judge J. Calvitt Clarke, Jr. and the associate judges of the Eastern District of Virginia," and to reconsider the appointment of a toxicologist and the appointment of counsel. By order entered December 23, 1986, the district court denied Williams' motion for appointment of a toxicologist, motion to reconsider the appointment of counsel, and motion to reconsider the disqualification of the district court. The district court did, however, reconsider the October 15, 1986, order to the extent that it vacated, pursuant to Jeffers v. United States, 432 U.S. 137 (1977), the sentence imposed on Count 1, the conspiracy count. The appeal from this order is the subject of No. 87-7031.
 
 
 9
 On January 5, 1987, Williams filed a motion entitled "Motion to Make Findings of Fact and Clusion [sic] of Law." In this motion Williams challenged the correctness of the previous rulings and once again contended that the district court was without jurisdiction because he had timely moved for voluntary dismissal of the action. The appeal from the denial of this motion is the subject of No. 87-7134.
 
 
 10
 Regarding the appeal from the denial of the presentence report, our review of the record and the reasons offered by Williams justifying the production of the report leads us to conclude that the district court did not abuse its discretion in denying the request. We affirm the denial of that motion on the reasoning of the district court. United States v. Williams, Cr. No. 80-14-N (E.D.Va. Oct. 8, 1986).
 
 
 11
 Because we conclude, however, that Williams' motions for voluntary dismissal without prejudice of his Sec. 2255 motion should have been granted we vacate the other orders entered in these cases and remand with instructions that the Sec. 2255 motion and the other motions filed by Williams incident to the Sec. 2255 motion be dismissed without prejudice.
 
 
 12
 After having been informed by the Kansas Defender Project of the University of Kansas School of Law that all of the challenges that Williams might wish to bring to his convictions should be brought in one motion to vacate, in order to avoid the future application of the abuse of the writ doctrine, Williams in timely fashion moved the district court to dismiss his action without prejudice. We see no reason why this motion should not have been granted. The United States was never ordered to show cause why Williams' Sec. 2255 motion should not be granted and, consequently, would not have been prejudiced by the dismissal. Additionally, we find minimal investment of judicial resources in the case. The motion was filed very early in the proceedings at a time when the only action which had been taken on the case was the ministerial act of filing the papers. Clearly the party most prejudiced by such a dismissal is Williams himself. Assuming the presence of a meritorious claim, and we make no such assumption in this case, the dismissal of the motion in order to permit Williams to bring all of his claims in one action has the immediate result of prolonging his prison stay. Moreover, granting the motion to voluntarily dismiss serves the important policy that all collateral attacks on a conviction be brought in one proceeding and not in a piecemeal fashion. See Sanders, supra; Rule 9(b), supra.
 
 
 13
 Accordingly, because the dispositive issues recently have been decided authoritatively, we grant leave to proceed in forma pauperis, dispense with oral argument, affirm in part, vacate in part, and remand with instructions that the Sec. 2255 motion be dismissed without prejudice.*
 
 
 14
 No. 86-7422, AFFIRMED.
 
 
 15
 Nos. 87-7030 and 87-7134, VACATED AND REMANDED.
 
 
 
 *
 Williams' motions for appointment of counsel, appointment of a toxicologist, and to disqualify Judge Clarke and the other judges of the Eastern District of Virginia, Norfolk Division, all relate to his pending Sec. 2255 motion. In view of our disposition of the Sec. 2255 motion, these motions are moot. Williams also filed a motion for appointment of counsel on appeal. In view of our disposition of these cases, the motion is denied